### No. 184
### MIKOCHINSKI et al v. AKRON TILE CO.
Ohio Appeals, 9th Dist., Summit County
No. 696.   Decided Dec. 3, 1923

755. MECHANICS LIENS—Contract for installation and furnishing bathrooms in an apartment house, though work done at different periods, held entire contract, on completion of which as a whole mechanics lien limitations begin to run.

1277.  WORDS—Under 8315 GC. the word "owner" means the owner at the time the labor and materials were begun to be furnished.

27. ACTIONS—In foreclosure of a mechanics lien the judgment is against the property and not in personam.

FUNK, P. J.

#### Epitomized Opinion
#### First Publication of this Opinion

This was an action to foreclose a mechanics lien brought by the Akron Tile & Fireplace Co. in which a personal judgment was asked against the defendants for the amount due upon the account for which the lien was taken. The plaintiff furnished and installed certain bathroom and other fixtures in an apartment house erected by one of the defendants, Deutchman.  The work was commenced on March 19, 1920.  The work was substantially done on May 10, 1920, except places left open where bathroom and other fixtures were to be installed.   After the fixtures were installed the tile work was completed some time in September, 1920.  Plaintiff claimed that the last work was done on Sept. 22 and 23, 1920. Defendant claimed that the last work was done prior to Sept. 15, 1920.  The affidavit for a mechanics lien on this work was filed Nov. 16, 1920.  Defendants also claimed that the tile work constituted a separate contract and plaintiff claimed that the contract was an entire contract for the whole work, including the tile and the fixtures.  Some time during the progress of the work Deutchman sold the property to the Mikochinskis.  As the court held for the plaintiff, defendants prosecuted error.  In reversing certain features of the judgment, the Court of Appeals held:

1. Under the circumstances of the case the contract was an entire contract rather than a contract for separate work.

2. By construing 8310 GC. together with 8315 and other sections of the Mechanics Lien law , the word "owner" referred to in Sec. 8315 is the owner at the time the labor and

materials were begun to be furnished by the contractor under the original contract; therefore it was not necessary to serve any notice upon the defendants, Mr. and Mrs. Mikochinski, as they were not owners of the property at the time.

3. As the lower court rendered a personal judgment against the Mikochinskis, the court erred in that respect.

Attorneys—H. B. Harris, for Mikochinski et ai; Commins, Brouse, Englebeck & McDowell, for the Akron Tile & Fireplace Co.

### No. 185
### BURSTEIN v. UZINSKY
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5086.   Decided Nov. 26, 1923

679.  JUDICIAL SALES—Court may vacate entry of confirmation of sale after the deed is ordered, and subsequent to the delivery and record thereof at the same term of court, even though the statutory provision therefor is not strictly followed by the party seeking relief.

SULLIVAN, J.

#### Epitomized Opinion
#### First Publication of this Opinion

Burstein is the transferee of land which was bid in by his predecessor at a judicial sale in Cleveland Municipal Court.   The Municipal Court, after ordering the marshaling of liens, confirming the sale, and ordering the deed, and after the deed had been delivered and recorded but at the same term of court, vacated the entry of confirmation and order of conveyance, upon a showing made by the owner of the porperty, who was attempting to take advantage of his equity of exemption. At the time the court vacated the entry, a motion to vacate had been filed, but the court entered the order without knowledge of the motion.  In affirming the judgment, the Court of Appeals held:

1. It is a well established proposition of law, that a court has complete, unqualified and unconditional control of its own records during the term at which the entries are made.  This power is so obviously necessary for the elimination of any injustice, that it is not even disturbed by the intervening rights of third parties accuring subsequently to making of the entry.   Mistake or irregularity in procedure would not have any effect whatsoever upon the fundamental and organic right inherent in the court and supported by universal authority to have the complete control during the term over its dockets.  3 OS. 445, 9 OS. 508, 49 OS. 370, 19 CD. 242, 89 OS. 8.

Attorneys—Goldhamer & Copeland, for Burstein; A. L. Steuer, for Uzinsky.